**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KIMBERLY HOPE WILLIAMS,

          Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

          Defendant-Appellee.

No. 20-35654

D.C. No. 6:16-cv-01970-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Submitted November 10, 2021[**]
Seattle, Washington

Before: GOULD, TALLMAN, and BUMATAY, Circuit Judges.

This appeal arises from the denial of Appellant Kimberly Williams's

Applications for Supplemental Security Income and Disability Insurance Benefits

("Applications"). The district court affirmed the agency's denial of Appellant's

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Applications after the Administrative Law Judge ("ALJ") found that Appellant was not disabled. Specifically, the ALJ found that Appellant was not disabled because, even considering Appellant's impairments, Appellant was capable of making a successful adjustment to other work that existed in the national economy in significant numbers.

We review the district court's judgment affirming the ALJ's denial of benefits *de novo*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008), "and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

First, Appellant argues that the ALJ erred by not considering Appellant's testimony because the ALJ discounted Appellant's testimony on adverse credibility grounds and on the additional grounds that it was contrary to the objective medical evidence.

In assessing Appellant's claims, the ALJ properly found that Appellant's various physical and mental conditions were not supported by clinical findings required to meet or medically equal criteria of any listing under which Appellant's disabilities would fall. Specifically, Appellant's longstanding physician and several other examining physicians indicated that Appellant's symptoms were stable and had not worsened as she suggests. The ALJ properly discounted

2

Appellant's testimony because it was contrary to the objective medical evidence. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

Next, Appellant argues that the ALJ erred by not properly evaluating Appellant's ability to perform work on a regular and sustained basis consistent with SSR 96-8p. SSR 96-8p governs the assessment of a person's residual functional capacity ("RFC"). *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996). One of SSR 96-8p's principal purposes emphasizes that the "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id*. The RFC assessment must discuss "why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." *Id*.

The crux of Appellant's argument about SSR 96-8p is that the ALJ should have considered Appellant Williams's testimony. This argument challenges the ALJ's adverse credibility determination of Appellant on the grounds that her subjective testimony was not supported by the findings of several examining

3

physicians. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle*, 533 F.3d at 1161. The ALJ was not required to consider Appellant's subjective testimony in light of the adverse credibility findings. The ALJ considered all the required information in assessing Appellant's RFC, including a discussion of why Appellant's reported symptom-related functional limitations and restrictions cannot reasonably be accepted as consistent with the medical and other evidence. The ALJ assessed the medical opinions of Drs. Hahn, Friedburg, Lundblad, Belcher, Weller, Butt, and Lebow in concluding that Appellant's fatigue and pain testimony were unsupported.

**AFFIRMED**.